## American Insurance Co. v. John E. France.

1. CUSTOM—*what evidence sufficient to establish.* A custom upon which a party relies as part of his contract of employment, must be established as so certain, continuous, uniform, well-known, and of such long standing, that it can be said that the parties contracted with respect thereto.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

R. K. WELSH and KEESLAR & ACTON, for appellant.

SALMANS & BROWN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee commenced a suit in assumpsit against appellant to recover for services alleged to have been performed and for expenses alleged to have been incurred and paid out by him, while acting as its soliciting agent. On the day following, appellant brought a like suit in assumpsit against appellee to recover for moneys alleged to have been collected by him as such agent, and which he had failed to account for. The causes were consolidated by agreement, and a trial by the court without a jury resulted in a judgment in favor of appellee for $250.51, from which an appeal is prayed to this court.

The principal controversy is in reference to certain items of credit allowed by the court to appellee. Appellee testified that the contract of employment was made between him and one Sheldon, the manager of appellant, who had

previously been the manager of the Rockford Insurance Co., for which appellee had formerly been a soliciting agent; that the arrangement was made in general terms, being that he was to work for appellant upon the same terms that he had worked for the Rockford Company.

Among the items of appellee's claims which were allowed by the court, was one for " bonus on net amount of premiums from January 1, 1902, to July 20, 1902—$150.90." Appellee does not claim that there was any direct or express agreement by appellant that said bonus was to be paid, but testified that he based his claim upon a general custom that had grown up with both the Rockford and appellant companies, to pay their agents five per cent on the net premiums whenever the same reached $5,000 during the year, or when the agent quit their employment.

It is admitted that both companies paid their agents a bonus of five per cent in addition to the regular commissions, on net premiums, when $5,000 in premiums were secured by the agent during the year, provided the agent remained with the company the full year; but appellant contends, and the greater weight of the evidence tends to show, that such bonus was never paid except at the end of the year, and then to such agents only as had secured premiums to the extent of $5,000, and had completed their year's employment.

The evidence is far from sufficient to establish appellee's version of the custom, and, if established, to show that it was so certain, continuous, uniform, well-known and of such long standing that it could be said that the parties contracted with reference thereto.   The only evidence tending to sustain such contention is that of appellee, who testified that he had heard that the Rockford company had paid a bonus to one or two agents who quit just before their year was up.

The amount of premiums upon which appellee claimed a bonus was $3,058.   That appellee should offer a bonus to agents who procured premiums to the extent of $5,000 during the year, and then adopt the uniform custom of paying

the same whether the agent secured that amount or not, or remained in its employ, seems unreasonable, if not improbable. The claim of appellee for such bonus was improperly allowed by the court.

We are not satisfied that the other items allowed to appellee were established by the greater weight of the evidence, but inasmuch as the cause probably will be tried again, we will not discuss them.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*